UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

DEREK A. HAFELINGER,

    Petitioner,

v.

WARDEN SCOTT FRAUENHEIM,

    Respondent.

Case No. 18-cv-0879-RMI (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

Petitioner was convicted of multiple counts of oral copulation with, and the continuous sexual abuse of, his step-daughter. *People v. Hafelfinger*, No. A148236, 2017 WL 3124435, at *1 (Cal. Ct. App. July 24, 2017). He was sentenced to twenty-one years to life in prison. *Id.* His appeals to the California Court of Appeal and California Supreme Court were denied. Petition at 2-3.

## DISCUSSION

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court erred in admitting evidence of images of child pornography because they were obtained in an unlawful search; (2) the trial court abused its discretion in admitting the images and petitioner received ineffective assistance of counsel for this claim; (3) it was an error to admit evidence that petitioner watched adult pornography on the family computer and petitioner received ineffective assistance of counsel for this claim; (4) it was an error to admit evidence that the victim saw petitioner throw a knife across the kitchen and petitioner received ineffective assistance of counsel for this claim; (5) trial counsel was ineffective for failing to seek permission to impeach the victim; (6) the trial court erred in refusing to allow petitioner to cross-examine the victim cornering an alternate source of her knowledge of sex acts; (7) the trial court erred in denying petitioner's motion for a new trial and petitioner received ineffective assistance of counsel for this claim; and (8) the cumulative error of the above claims requires reversal. Liberally construed these claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of

2

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March 12, 2018

_____
ROBERT M. ILLMAN
United States Magistrate Judge